JAMIE TEAL, Plaintiff-Appellant, v. THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Defendant-Appellee.

Fourth District   No. 4—95—0093

Argued September 14, 1995.—Opinion filed October 27, 1995.

Robert J. Waaler (argued), of Waaler Law Offices, of Champaign, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Janon E. Fabiano, Assistant Attorney General (argued), of counsel), for appellee.

JUSTICE GREEN delivered the opinion of the court:

On September 23, 1994, plaintiff Jamie Teal filed a complaint in the circuit court of Champaign County seeking judicial review under the Administrative Review Law (Law) (735 ILCS 5/3—101 *et seq.* (West 1992)) of a decision of the Illinois Department of Children and Family Services (DCFS) made by a letter from DCFS to plaintiff on August 29, 1994. In the letter, DCFS denied plaintiff's request for a license to operate a home day-care facility pursuant to the provisions of the Child Care Act of 1969 (Act) (225 ILCS 10/1 *et seq.* (West 1992)). Section 17 of the Act (225 ILCS 10/17 (West 1992)) makes such a decision subject to judicial review under the Law.

On January 5, 1995, after a hearing, the circuit court granted a motion to dismiss the complaint for want of jurisdiction. Plaintiff has appealed. We hold that the judicial review was properly before the circuit court and that the record conclusively shows that, under confused circumstances, DCFS had not proceeded properly and that the cause must be sent back to DCFS for further proceedings. Accordingly, we reverse the order dismissing the complaint and remand to the circuit court with directions to remand to DCFS for proceedings in accordance with this order.

Plaintiff's complaint alleged that (1) she had applied for the license and had made all necessary filings with her application; (2) she had received the letter of denial; (3) the action of DCFS was contrary to the laws of the State and denied her due process; (4) she was not afforded an opportunity to contest an "indicated" child abuse report which was the basis of the denial; (5) she requested a reconsideration of the denial and was informed no such review was available; and (6) she thereby exhausted her administrative remedies. She requested DCFS be required to file an answer consisting of its records in the proceeding.

Attached to the complaint was the letter of DCFS which denied the license request, stating:

> "At this time, your day[-]care home application has been denied due to your indicated Child Abuse Report dated December 1993.
>
> You may re-apply after eighteen (18) months and your application will be re-evaluated for a day[-]care home license."

Section 2 of the Abused and Neglected Child Reporting Act (Reporting Act) (325 ILCS 5/2 (West 1992)) requires DCFS to receive reports of abuse or neglect of children. Under the definitions set

forth in section 3 of the Reporting Act, the term " '[a]n indicated report' means any report made under [the Reporting Act] if an investigation determines that credible evidence of the alleged abuse or neglect exists." (325 ILCS 5/3 (West 1992).) The subject of the report has 60 days after notification of the existence of such a report to request that the report be expunged, and the denial of such a request is a final order subject to judicial review. 325 ILCS 5/7.16 (West 1992).

DCFS filed a motion and an amended motion to dismiss the petition for administrative review on various jurisdictional grounds. On appeal it seeks to justify the dismissal only on the basis that plaintiff had failed to exhaust her administrative remedies as required by section 3—102 of the Law, which states, in part, as follows:

> "If under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any document in the nature of objections, protests, petition for hearing or application for administrative review within the time allowed by such Act, such decision shall not be subject to judicial review hereunder excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter." 735 ILCS 5/3—102 (West 1992).

Originally DCFS maintained that a failure by plaintiff to seek review of the "indicated report" within the required 60 days after she received notification of that document constituted a failure to pursue her administrative remedies requiring dismissal of her petition for judicial review. However, DCFS now agrees that the failure to contest the "indicated report" did not necessarily bar issuance of a license and thus did not finally determine the issue before it. Rather, DCFS contends that plaintiff should have sought rehearing in regard to the letter of August 24, 1994.

A certain amount of confusion seemed to exist in regard to what procedures should have been followed by DCFS upon plaintiff's request for a license and considering the existence of the "indicated report." Now the parties seem to be in agreement, and we hold that the rules to be followed were those contained in the Illinois Administrative Code (Administrative Code) (89 Ill. Adm. Code § 383.1 *et seq.* (1994)). The authority for promulgating these rules is stated as "[i]mplementing and authorized by the [Act] and the Illinois Administrative Procedure Act [(5 ILCS 100/10—5 *et seq.* (West 1992))]." (89 Ill. Adm. Code § 383.1 (1994).) The rules were adopted on December 29, 1981. The purpose for the rules is to "describe the process used to resolve complaints related to licensed and unlicensed fa-

cilities; the Department's licensing investigation, denial, refusal to renew, and revocation policies; and uniform standards of practice for administrative hearings involving licensed facilities." 89 Ill. Adm. Code § 383.1 (1994).

Section 385.30(a) of title 89 of the Administrative Code (89 Ill. Adm. Code § 385.30(a) (1994)) concerns the denial of licenses to perpetrators of an indicated report and also identified by a circuit court finding as causing certain listed injuries. Plaintiff did not fit in that category. Other subsections of section 385.30 of title 89 of the Administrative Code were applicable. They include the following:

"(e) Except as provided in subsection (a) above, a person determined to be the perpetrator of an indicated incident of abuse or neglect under Section 3 of the [Reporting Act] shall not automatically be denied a license from the Department or be denied employment in a child[-]care facility licensed by the Department. Rather, the Department or the governing body, as applicable, shall provide the individual an opportunity to present evidence which demonstrates fitness for licensure or employment. Such evidence shall include, but not be limited to:

(1) the nature of the abuse or neglect with which the individual was identified, including whether the abuse or neglect resulted in serious injury or death to a child or children;

(2) the circumstances surrounding the commission of the abuse or neglect, including the age of the perpetrator and the child(ren), that would demonstrate unlikelihood of repetition;

(3) the period of time that has elapsed since the abuse or neglect occurred and whether prior incidents of child abuse or child neglect have been indicated against the individual;

(4) whether the abuse or neglect involved a single or multiple child victims;

(5) the relationship of the incident of child abuse or neglect to the individual's current or prospective job responsibilities within the child[-]care facility;

(6) whether the individual has been convicted of a criminal offense which might have bearing on the individual's ability to function in a child[-]care facility as licensee or employee;

(7) evidence of rehabilitation such as employment, education, participation in therapy since the indicated incident(s) of abuse or neglect; and

(8) character references.

(f) *An individual requesting an opportunity for review pursuant to subsection (e) above shall submit such request, in writing, to the Department or the child care facility, as applicable within ten (10)*

*days of receipt of written notice of the Department's intent to deny a license or the Department's or child care facility's intent to deny employment.* The individual shall be notified, in writing, of the date, time and location of the review. The individual may be represented by counsel of his or her choice, and may present evidence and/or witness(es) on his or her behalf.

(g) In order for an individual to be considered fit for licensure or employment, the person(s) conducting the review must conclude that, when all the evidence presented pursuant to subsection (e) is considered, the individual is more fit for licensure or employment than not. *The decision of a governing body regarding employment is final, subject to review under the personnel policies of the governing body. A decision of the Department regarding licensure is final, subject to review by a court of competent jurisdiction.*

(h) A written record shall be made of any review(s) conducted pursuant to this Section, and such record shall contain copies of all documents relied upon in making a denial determination of fitness for licensure or employment." (Emphasis added.) 89 Ill. Adm. Code §§ 385.30(e), (f), (g), (h) (1994).

The question of whether plaintiff failed to exhaust her administrative remedies turns upon the application of section 385.30(f) to the record of the administrative proceeding here. DCFS contends that its letter of August 29, 1994, denying plaintiff's license request was "written notice of [DCFS'] *intent to deny* a license" (emphasis added) (89 Ill. Adm. Code § 385.30(f) (1994)). DCFS maintains that plaintiff was required to request a review within 10 days in order to exhaust her administrative remedies. As the record does not show such a request, DCFS maintains that the complaint for judicial review was properly dismissed.

We hold that the letter of August 29, 1994, was not a notice of "intent to deny" which implies action of denial in the future but was a denial which anticipated no action in the future. This interpretation was furthered by the provisions in the letter indicating that the only recourse available to plaintiff was to wait 18 months and to then apply anew for the license. Under DCFS' theory, this indication was inaccurate because, if the notice was only one of intent to deny, the plaintiff would have a right for review provided for by section 385.30 of title 89 of the Administrative Code.

Thus, the letter of August 29, 1994, was a final decision of DCFS for which no provision existed for any agency review. The decision was thus subject to judicial review under the Law and the circuit court should not have dismissed plaintiff's complaint seeking that review. The record also makes clear that DCFS did not give the notice of intent to deny as required by section 385.30(f). That was a nec-

essary precondition of any proper denial of the license request. Because of this, the cause must be remanded to DCFS for further proceedings.

Two other matters must be noted. After the complaint had been filed, DCFS took some action in the matter. However, DCFS lacked jurisdiction at that time to proceed on the merits of the license application and any action then taken was a nullity. The circuit court indicated concern with whether it could review the administrative action because of the lack of a record. Section 385.30(h) of title 89 of the Administrative Code requires that a "written record" be made of any review before DCFS.

As we have indicated and for the reasons stated, we reverse the order dismissing the complaint and remand to the circuit court with directions to remand to DCFS for further proceedings pursuant to this order. Such proceedings might commence with the issuance of a notice of intent to deny by DCFS if it does not deem issuance of a license appropriate.

Reversed and remanded with directions.

COOK and GARMAN, JJ., concur.